**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

```
JOYCE BARLOW                     *
                                 *
          v.                     *    Civ. No. WMN-12-1780
                                 *
JOHN CRANE HOUDAILLE, INC., et al. *
                                 *
                                 *
    *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Pending before the Court is a Motion for Remand, ECF No. 130, filed by Plaintiff, Joyce Barlow (Barlow). Removing Defendant, Colgate-Palmolive (Colgate), opposed Barlow's Motion and filed its own Motion for Judgment on the Pleadings. ECF Nos. 131 (Motion for Judgment) & 132 (Memorandum Opposing Remand and in Support of Motion for Judgment). The parties have fully briefed both motions and they are ripe for review. Upon consideration of the facts, applicable law, and arguments advanced by the parties, Barlow's Motion for Remand will be granted and the Court will not rule on Colgate's Motion for Judgment on the Pleadings.

**I.   FACTUAL AND PROCEDURAL HISTORY**

Barlow is a 73 year-old woman and a resident of Maryland. In the spring of 2011 she was diagnosed with malignant mesothelioma. That August she filed suit in the Circuit Court for Baltimore City. Barlow used the Other Asbestos Cases Master Complaint on file with the clerk of that court, ECF No. 2-6, and

by short form complaint, ECF No 2, stated claims for (1) strict liability, (2) breach of warranty, (3) negligence, (4) fraud, (5) conspiracy, and (6) market share liability, against 24 defendants, including four from Maryland.  In November, 2011, Barlow amended her Complaint to add Colgate as a defendant.  ECF No. 25.  Colgate is incorporated in Delaware and its principal place of business is in New York.

In May 2012, Barlow responded to Defendants' Joint Interrogatories and identified only one source of possible asbestos exposure: her regular use of Colgate's Cashmere Bouquet talcum powder (Cashmere).  Barlow was deposed on June 12, 2012.  There, she explicitly stated that she did not believe she was exposed to asbestos in any way other than through her use of Cashmere.

The following day, counsel for Colgate sent a letter to Barlow's counsel informing them of Colgate's intent to remove the case to federal court and inviting them "to supply the evidence on which [Barlow] base[s] [her] claims against the Maryland defendants."  ECF No. 65.  Barlow's counsel responded without specifying any evidence against the Maryland defendants and threatened to seek remand and sanctions if Colgate removed the case.  ECF No. 66.  Colgate removed the case on June 15, 2012.

In its Notice of Removal Colgate states that this Court has jurisdiction over this matter because "the proper parties" are completely diverse. ECF No. 1, ¶¶ 8-9. Colgate invokes the doctrine of "fraudulent joinder" and suggests that because Barlow has failed to identify any claim against any of the Maryland defendants, and because her discovery responses demonstrate that she does not intend to pursue any claims against them, the Maryland defendants can be discounted for the purpose of determining whether diversity jurisdiction exists. Id. at ¶¶ 15-16.

Barlow filed the present motion on July 16, 2012. In it, she argues that remand is proper because Colgate has not shown that she has no possibility of succeeding on her claims against the in-state defendants. Barlow also requested that she be awarded fees pursuant to 28 U.S.C. § 1447(c).

## II.  STANDARD OF REVIEW

The doctrine of fraudulent joinder is an exception to the complete diversity rule normally required for a federal court to exercise diversity jurisdiction. Bendy v. C.B. Fleet Co., Civ. No. CCB-10-3385, 2011 WL 1161733, *3 (D. Md. Mar. 28, 2011). Defendants opposing remand, when removal was based on the doctrine of fraudulent joinder, carry a very heavy burden. Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999). The defendant must show either that (1) there has been outright

3

fraud in the plaintiff's pleading, or (2) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Id. (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).[1]  In considering whether a party has been fraudulently joined, the court is not confined to the allegations of the complaint, but may consider the entire record.  AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990).

## III. DISCUSSION

Colgate does not explicitly state which theory of fraudulent joinder it is arguing.  It points to Barlow's interrogatory responses and her deposition testimony, ECF No. 137 at 13-17, and claims that the other defendants, particularly the in-state defendants, are fraudulently joined because Barlow has no evidence to support her claims against them.  Id. at 24.

---

[1] Courts around the country have devoted considerable time and energy to explaining that "no possibility" does actually mean, no possibility.  See e.g., Harley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999) (a plaintiff need only show "a slight possibility of a right to relief" or that he or she has a "glimmer of hope" of succeeding on claim); In re Maine Asbestos Cases, 44 F. Supp. 2d 368 (D. Maine 1999) (court must be able to say "to a legal certainty" plaintiff will be unsuccessful); Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court."); see also 13F Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3641.1 (3d ed. 2009) (and cases cited therein).

4

It appears to the Court that there are two possible readings of Colgate's argument.  First, it could be construed as an allegation of actual fraud, which the record does not support.  A more reasonable reading of Colgate's position is that it believes Barlow has "no real intention to get a joint judgment" and therefore the joinder was fraudulent.  AIDS Counseling 903 F.2d at 1003 (quoting Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979)).  This Court, however, has previously made clear that demonstrating that a plaintiff had no real intention to get a joint judgment is simply a proxy satisfying the no possibility of success standard for showing fraudulent joinder.  See Riverdale Baptist Church v. Certainteed Corp., 349 F. Supp. 2d 943, 947-48 (D. Md. 2004).  Moreover, showing that a plaintiff did not intend to pursue a joint judgment, by itself, is insufficient.  Willard v. United Parcel Serv., 413 F. Supp. 2d 593, 599 (M.D.N.C. 2006) ("the Fourth Circuit would seem to reject using a plaintiff's expressed subjective intention alone as a ground for a finding of fraudulent joinder").  Rather, a defendant must show that "no such intention existed and there is no colorable ground for claiming that such an intention exists."  Id. (emphasis in original).

The heavy burden for proving fraudulent joinder works against Colgate here.  Barlow argues that her joinder of the in-

5

state defendants was not fraudulent because there remains a possibility that she was exposed to asbestos while working at RMR Corporation, in Maryland, in the 1960s.  ECF No. 130 at 3-4 & 21.  She points out that her belief that she was exposed to asbestos by her use of Cashmere "does not negate the possibility that she was exposed to asbestos from other sources."  ECF No. 137 at 12.  This evidence surely preserves the "slight[est] possibility of a right to relief" or a "glimmer of hope" on Barlow's claims against the in-state defendants.  Harley, 187 F.3d at 426.  As a result, the Court finds that joinder of the in-state defendants here was not fraudulent and the case will be remanded to the Circuit Court for Baltimore City.

Because no case may be removed more than one year after it has commenced, 28 U.S.C. § 1446(c), and in this case, that date fell well before discovery was scheduled to close, Colgate was certainly in a difficult position.[2]  Contrary to Barlow's assertion that this case was removed in bad faith because Colgate acted before discovery closed, ECF No. 66, the Court finds Colgate's attempts to elicit the basis for Barlow's claims against the in-state defendants, ECF No. 65, and its willingness to delay a ruling on any motion for remand until discovery was

---

[2] The one-year limit on removal applies "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

6

completed, ECF No. 67, to be commendable.  The Court will therefore deny Barlow's request for fees.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that Barlow's Motion for Remand will be granted and the case will be remanded to the Circuit Court for Baltimore City.  A separate order will issue.

                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge

DATED: November 1, 2012